IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Indenture Trustee under Trust Indenture dated February 1, 2007, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 13 C 2247<br>)<br>) |
| v. | )<br>) |
| LEAFS HOCKEY CLUB, INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On May 31, 2013, Plaintiff Wells Fargo Bank ("Wells Fargo"), as Indenture Trustee under Trust Indenture dated February 1, 2007, filed a two-count First Amended Complaint against Defendant Leafs Hockey Club, Inc. ("Leafs Hockey") based on the Court's diversity jurisdiction.[1] *See* 28 U.S.C. § 1332(a). Before the Court is Defendant's motion to dismiss for lack of diversity of citizenship pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, Defendant moves to stay this lawsuit pursuant to *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), asking the Court to abstain from exercising jurisdiction. For the following reasons, the Court denies Defendant's motion to dismiss. Further, the Court, in its discretion, denies Defendant's motion to stay and dismiss under the *Colorado River* abstention doctrine. *See Huon v. Johnson & Bell,*

---

[1] At the parties' April 29, 2013 motion hearing, the Court granted Wells Fargo leave to file its First Amended Complaint. Therefore, the Court denies Leafs Hockey's motion to dismiss based on Federal Rule of Civil Procedure 11(a).

*Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011).

## LEGAL STANDARD

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 443–44; *United Phosphorus,* 322 F.3d at 946; *see also St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008).

## BACKGROUND

In its First Amended Complaint, Wells Fargo alleges that it is the successor trustee (the "Trustee") to the Amalgamated Bank of Chicago (the "Prior Trustee") under the Trust Indenture between the Illinois Finance Authority and the Prior Trustee dated as of February 1, 2007 (the "Trust Indenture"). (R. 13, First Am. Compl. ¶ 1.) In addition, Wells Fargo alleges that the

2

Illinois Finance Authority raised $20 million through issuing and selling a series of revenue bonds. (*Id*. ¶¶ 7, 8.) The Illinois Finance Authority issued the bonds under the Trust Indenture and loaned the proceeds to LHC, LLC ("LHC"), an Illinois non-profit limited liability company, for the construction and operation of a hockey arena located in West Dundee, Illinois. (*Id.* ¶ 1.) Pursuant to the February 1, 2007 Loan Agreement ("Loan Agreement") and Guaranty Agreement ("Guaranty Agreement"), LHC was the borrower and Defendant Leafs Hockey was the guarantor. (*Id*.) In its First Amended Complaint, Wells Fargo contends that LHC has failed to make the required payments, and thus is in default. (*Id*. ¶ 2.) Also, Wells Fargo alleges that Leafs Hockey, as guarantor, has failed to pay its obligations under the February 1, 2007 Guaranty Agreement. (*Id*.) Accordingly, in the First Amended Complaint, Wells Fargo brings a breach of contract claim against Leafs Hockey in Count I and a contractual indemnity claim against Leafs Hockey in Count II.

## ANALYSIS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Leafs Hockey moves to dismiss this lawsuit pursuant to Rule 12(b)(1) arguing that diversity of citizenship does not exist, and thus, the Court lacks subject matter jurisdiction. In particular, Leafs Hockey, a citizen of Illinois for diversity jurisdiction purposes, argues that Wells Fargo is only a nominal party and the true party-in-interest is either the Illinois Finance Authority, a citizen of Illinois, or the unidentified bond holders, who may or may not be citizens of Illinois. Leafs Hockey's argument is unavailing because as Successor Trustee, Wells Fargo, a citizen of South Dakota, can enforce the Loan Agreement under the parties' February 1, 2007 agreements.

To clarify, the Illinois Finance Authority assigned to the Trustee all rights, title, and interest in the Loan Agreement. (First Am. Compl. ¶ 9, R. 8-3, Loan Agmt., Granting Clauses.) The Authority also agreed that the Trustee, in its own name, could enforce the Authority's rights. Specifically, the Trust Indenture states:

> *Section 6.8. Rights under the Loan Agreement.* The Authority agrees that the Trustee in its own name or in the name of the Authority may enforce all rights of the Authority in and to the Trust Estate and all obligations of the Borrower under and pursuant to the Loan Agreement, pledged hereunder for and on behalf of the Bondholders (other than the Unassigned Rights), whether or not the Authority is in default hereunder.

(R. 8-1, Ex. A, Trust Indenture, § 6.8.) On August 19, 2009, the bondholders removed the Amalgamated Bank of Chicago as Trustee and appointed Wells Fargo as the Successor Trustee. (First Am. Compl. ¶ 14.) Therefore, Wells Fargo, as Successor Trustee, may bring the present lawsuit on behalf of the Illinois Finance Authority. Indeed, it is well-establish that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Here, the Granting Clauses of the Trust Indenture reflect the *Navarro* requirements because they state that the Illinois Finance Authority granted the Trustee "all right, title and interest of the Authority" in the Loan Agreement, bond funds, and loan proceeds. (Ex. A, Trust Indenture, Granting Clauses.)

Wells Fargo also alleges that it "is a national banking association with its main office, designated in its articles of association, located in South Dakota," and thus Wells Fargo is a citizen of South Dakota for diversity of citizenship purposes. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) ("a national bank ... is a citizen of the state in which its main office, as set forth in its articles of association, is located"). Under

4

established Seventh Circuit law, "a trust's citizenship is that of the trustee, rather than the beneficiaries, for the purpose of 28 U.S.C. § 1332(a)." *Grede v. Bank of N.Y. Mellon,* 598 F.3d 899, 901 (7th Cir. 2010); *see also Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 318 (7th Cir. 1998) ("[t]rusts take the citizenship of the trustees rather than of the beneficiaries."); *Goldstick v. ICM Realty,* 788 F.2d 456, 458 (7th Cir. 1986) ("The citizenship of a trust is determined for purposes of diversity jurisdiction by the citizenship of the trustee"). Accordingly, Plaintiff Wells Fargo, a citizen of South Dakota, is diverse from Defendant Leafs Hockey, an Illinois not-for-profit organization. (First Am. Compl. ¶¶ 3, 4.) The Court therefore denies Leafs Hockey's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[2]

## II.     Motion to Stay and Abstain

Next, Leafs Hockey moves to stay the present proceedings under the *Colorado River* abstention doctrine due to the state court mortgage foreclosure action entitled *Wells Fargo Bank, National Assoc., Indenture Trustee v. LHC, LLC, et al.,* in the Sixteenth Judicial Circuit in Kane County, Illinois. Leafs Hockey is not a party to the state court action. Instead, in the state court action, Wells Fargo brought two counts against LHC: (1) a claim under Illinois Mortgage Foreclosure Law; and (2) a claim to appoint a receiver for the hockey arena in West Dundee, Illinois. *See* 735 ILCS 5/15-1101, *et seq.* On February 25, 2013, LHC filed a Chapter 11 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern

---

[2] The Court also denies Leafs Hockey's Rule 12(b)(6) motion to dismiss based the argument that Wells Fargo is also a citizen of California because California is its principal place of business. Leafs Hockey's argument is not supported by legal authority and is a distinction without a difference because Leafs Hockey is a citizen of Illinois, thus diversity of citizenship exists. *See Wachovia Bank,* 546 U.S. at 318; *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("*Wachovia Bank* held that national banks are citizens only of the states in which their main offices are located").

District of Illinois. Due to the automatic stay under the Bankruptcy Code, *see* 11 U.S.C. § 362, the Kane County Circuit Court stayed the mortgage foreclosure action. The present lawsuit is not against the debtor, LHC, however, but is against Leafs Hockey as guarantor of the Loan Agreement. Nevertheless, Leafs Hockey moves to stay the present litigation and asks the Court to abstain from exercising jurisdiction under the *Colorado River* abstention doctrine.

In *Colorado River,* the Supreme Court held that "a federal district court may abstain in favor of a state court in which a parallel suit is pending if exceptional circumstances warrant an abdication of federal jurisdiction and not merely a delay in the proceeding in the district court." *R.C. Wegman Constr. Co. v. Admiral Ins. Co.,* 687 F.3d 362, 364 (7th Cir. 2012). "[T]hese exceptional circumstances exist 'where denying a federal forum would clearly serve an important countervailing interest,' such as 'considerations of proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 496-97 (7th Cir. 2011) (citation omitted). Put differently, the *Colorado River* doctrine allows "federal courts in some exceptional cases to defer to a concurrent state-court case as a matter of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 645 (7th Cir. 2011) (quoting *Colorado River,* 424 U.S. at 817).

"To determine whether a stay is appropriate, a district court must first evaluate whether the federal and state cases are parallel," including whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Huon,* 657 F.3d at 646 (citation omitted). The key "question is whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Adkins,* 644 F.3d at 499.

6

Here, Wells Fargo is bringing this breach of contract action against Leafs Hockey under the Guaranty Agreement, which states in pertinent part:

> The Guarantor shall be and remain liable for any deficiency remaining after foreclosure of any pledge or security agreement securing all or any part of the Obligations, whether or not the liability of the Borrower or any other Person for such deficiency is discharged pursuant to statute, judicial decision or otherwise. This Guaranty shall survive, *as an independent contractual obligation*, any public or trustee's sale under mortgage with power of sale or deed of trust, despite any statutory provision which otherwise prohibits any deficiency judgment, extinguishes the indebtedness, or otherwise relieves Borrower from liability[.]

(R. 8-5, Ex. D, Guaranty Agreement, § 4.) (emphasis added).

Based on the Guaranty Agreement, Leafs Hockey has an independent contractual obligation separate from the mortgage foreclosure action. *See JLM Fin. Inv. 4 LLC v. Aktipis,* No. 11 C 2561, 2012 WL 74856, at *2 (N.D. Ill. Jan. 9, 2012) ("The Guaranty is contained in a contract distinct and independent from the mortgage note and loan"); *Mitsui Taiyo Kobe Bank, Ltd. v. First Nat'l Realty & Dev. Co., Inc.,* 788 F.Supp. 1007, 1009 (N.D. Ill.1992) ("The foreclosure proceeding is a creature of property law, whereas a guaranty agreement is contractual in nature. The rights and liabilities of the parties vary significantly between these two actions."). In short, Wells Fargo, as Successor Trustee, secured its right to payment under the Loan Agreement through LHC granting the Trustee a mortgage and security interest in the hockey arena, whereas, Wells Fargo also bargained for and received additional assurances from Leafs Hockey as set forth in the Guaranty Agreement. *See Mitsui Taiyo,* 788 F.3d at 1009.

Moreover, the Kane County foreclosure action will not resolve all of Wells Fargo's claims under the Guaranty Agreement because even if Wells Fargo succeeded in the foreclosure action and sold the property to cover the deficiency under the Loan Agreement, Wells Fargo

7

would still have a separate contractual remedy against Leafs Hockey for any remaining deficiency. As such, there is not a substantial likelihood that the state foreclosure action will dispose of all of Wells Fargo's claims presented in this federal litigation. *See Huon,* 657 F.3d at 646; *Adkins,* 644 F.3d at 499. In sum, the state court foreclosure action and the present breach of contract action are not parallel under the circumstances. Because the federal and state court actions are not parallel, the *Colorado River* abstention doctrine does not apply. *See Huon,* 657 F.3d at 646 ("If there is any doubt that cases are parallel, a district court should not abstain.").

## CONCLUSION

For these reasons, the Court denies Defendant's motion to dismiss and alternative motion to stay under the *Colorado River* abstention doctrine.

**Dated:** September 30, 2013

            **ENTERED**

            _____
            **AMY J. ST. EVE**
            **United States District Court Judge**